## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**110 Martin Stream Road, Fairfield, ME 04937** |
| **Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds** | **Mortgage:**<br>**July 9, 2008**<br>**Book 4024, Page 73** |
| **Defendants** | |
| **Midland Funding LLC**<br>**FIA Card Services, N.A.**<br>**KSW Federal Credit Union** | |
| **Parties-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of

an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are the obligor and the total amount owed under the terms of the Note is One Hundred Twenty Thousand Two Hundred Sixty-Three and 72/100 ($120,263.72) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.   Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4.   U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a national association, with its principal place of business located in Ohio.

5.   The Defendant, Diane Pierce f/k/a Diane L. Reynolds, is a resident of Fairfield, County of Somerset and State of Maine. The Defendant, Billy J. Pierce, is a resident of Fairfield, County of Somerset and State of Maine.

6.   The Party-in-Interest, KSW Federal Credit Union, is located at 222 College Avenue, Waterville, ME 04901.

7. The Party-in-Interest, FIA Card Services, N.A., is located at 1100 North King Street, Wilmington, DE 19884.

8. The Party-in-Interest, Midland Funding LLC, is located at C/o Agent: Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

## FACTS

9. On May 7, 1999, by virtue of a Warranty Deed from Mary A. Gagne, which is recorded in the Somerset County Registry of Deeds in **Book 2550, Page 92**, the property situated at 110 Martin Stream Road, County of Somerset, and State of Maine, was conveyed to the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On July 9, 2008, the Defendant, Billy J. Pierce, executed and delivered to Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc. a certain Note in the amount of $96,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on July 9, 2008, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc., securing the property located at 110 Martin Stream Road, Fairfield, ME 04937 which Mortgage Deed is recorded in the Somerset County Registry of Deeds **in Book 4024**, **Page 73**.  See Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated April 6, 2011 and recorded in the Somerset County

Registry of Deeds in **Book 4385, Page 90**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Green Tree Servicing, LLC by virtue of an Assignment of Mortgage dated December 2, 2013 and recorded in the Somerset County Registry of Deeds in **Book 4760, Page 305**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal National Mortgage Association (a/k/a "Fannie Mae") by virtue of an Assignment of Mortgage dated September 11, 2015 and recorded in the Somerset County Registry of Deeds in **Book 4957, Page 132**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment of Mortgage dated June 15, 2016 and recorded in the Somerset County Registry of Deeds in **Book 5065, Page 249**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated January 26, 2017 and recorded in the Somerset County Registry of Deeds in **Book 5126, Page 87**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On February 24, 2012, the Defendants Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, executed a Non-HAMP Loan Modification Agreement which increased the

principal amount of the Note to $102,002.76 (herein after referred to as the "Loan

Modification").  *See* Exhibit I (a true and correct copy of the Loan Modification is

attached hereto and incorporated herein)

18. On June 16, 2017, the Defendant, Billy J. Pierce, executed a Loan Modification

Agreement which modified the principal amount of the Note to $98,479.22 (herein after

referred to as "Loan Modification 2").  *See* Exhibit J (a true and correct copy of Loan

Modification 2 is attached hereto and incorporated herein)

19. On October 23, 2017, the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L.

Reynolds, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the

Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit K (a

true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane

L. Reynolds, of the payment due date, the total amount necessary to cure the default, and

the deadline by which the default must be cured, which was thirty-five (35) days from

receipt of the Demand Letter.  *See* Exhibit K.

21. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, failed to cure

the default prior to the expiration of the Demand Letter.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is

the present holder of the Note pursuant to endorsement by the previous holder (if

applicable), payment of value and physical possession of the Note in conformity with 11

M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me.

280 (1929).

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

24. KSW Federal Credit Union is a Party-in-Interest pursuant to a Junior Mortgage in the amount of $12,000.00 dated August 26, 2008, and recorded in the Somerset County Registry of Deeds in **Book 4048, Page 84** and is in second position behind Plaintiff's mortgage.

25. FIA Card Services, N.A. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $9,742.46 dated August 17, 2010, and recorded in the Somerset County Registry of Deeds in **Book 4316, Page 116** and is in third position behind Plaintiff's mortgage.

26. Midland Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,410.02 dated August 18, 2011, and recorded in the Somerset County Registry of Deeds in **Book 4442, Page 24** and is in fourth position behind Plaintiff's mortgage.

27. The total debt owed under the Note and Mortgage as of September 21, 2018 is One Hundred Twenty Thousand Two Hundred Sixty-Three and 72/100 ($120,263.72) dollars, which includes unpaid principal in the amount of Ninety Seven Thousand Eight Hundred Sixty-Four and 72/100 ($97,864.72) dollars; accrued interest in the amount of Four Thousand Four Hundred Fifty-Five and 36/100 ($4,455.36) dollars; escrow/impound required in the amount of Two Thousand Eight Hundred One and 10/100 ($2,801.10) dollars; late charges in the amount of Sixty-One and 71/100 ($61.71) dollars; deferred amounts in the amount of Thirteen Thousand Six Hundred Ninety-Six and 33/100 ($13,696.33) dollars; Fees required with Payoff in the amount of Forty-Six and 00/100

($46.00) dollars; and Total Advances in the amount of One Thousand Three Hundred Thirty-Eight and 50/100 ($1,338.50) dollars.

28. Upon information and belief, the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30. This is an action for foreclosure respecting a real estate related Mortgage and title located at 110 Martin Stream Road, Fairfield, County of Somerset, and State of Maine. *See* Exhibit A.

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

33. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are presently in default on said Mortgage and Note, having failed to make the monthly payment due

September 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

34. The total debt owed under the Note and Mortgage as of September 21, 2018 is One Hundred Twenty Thousand Two Hundred Sixty-Three and 72/100 ($120,263.72) dollars, which includes unpaid principal in the amount of Ninety Seven Thousand Eight Hundred Sixty-Four and 72/100 ($97,864.72) dollars; accrued interest in the amount of Four Thousand Four Hundred Fifty-Five and 36/100 ($4,455.36) dollars; escrow/impound required in the amount of Two Thousand Eight Hundred One and 10/100 ($2,801.10) dollars; late charges in the amount of Sixty-One and 71/100 ($61.71) dollars; deferred amounts in the amount of Thirteen Thousand Six Hundred Ninety-Six and 33/100 ($13,696.33) dollars; Fees required with Payoff in the amount of Forty-Six and 00/100 ($46.00) dollars; and Total Advances in the amount of One Thousand Three Hundred Thirty-Eight and 50/100 ($1,338.50) dollars.

35. The record established through the Somerset County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

36. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

37. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant(s), Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, on October 23, 2017, evidenced by the Certificate of Mailing.. *See* Exhibit K.

38. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On July 9, 2008, the Defendant, Billy J. Pierce, executed and delivered to Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc. a certain Note in the amount of $96,000.00.  *See* Exhibit B.

41. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are in default for failure to properly tender the September 1, 2017 payment and all subsequent payments.  *See* Exhibit K.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds.

43. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

44. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds's breach is knowing, willful, and continuing.

45. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of September 21, 2018 is One Hundred Twenty Thousand Two Hundred Sixty-Three and 72/100 ($120,263.72) dollars, which includes unpaid principal in the amount of Ninety Seven Thousand Eight Hundred Sixty-Four and 72/100 ($97,864.72) dollars; accrued interest in the amount of Four Thousand Four Hundred Fifty-Five and 36/100 ($4,455.36) dollars; escrow/impound required in the amount of Two Thousand Eight Hundred One and 10/100 ($2,801.10) dollars; late charges in the amount of Sixty-One and 71/100 ($61.71) dollars; deferred amounts in the amount of Thirteen Thousand Six Hundred Ninety-Six and 33/100 ($13,696.33) dollars; Fees required with Payoff in the amount of Forty-Six and 00/100 ($46.00) dollars; and Total Advances in the amount of One Thousand Three Hundred Thirty-Eight and 50/100 ($1,338.50) dollars.

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendant, Billy J. Pierce, entered into a written contract with Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc. who agreed to loan the amount of $96,000.00 to the Defendants. *See* Exhibit B.

50. As part of this contract and transaction, the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc., and has performed its obligations under the Note and Mortgage.

52. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, breached the terms of the Note and Mortgage by failing to properly tender the September 1, 2017 payment and all subsequent payments. *See* Exhibit K.

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds.

54. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

55. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Twenty Thousand Two Hundred Sixty-Three and 72/100 ($120,263.72) dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants.

56. Defendants Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds's breach is knowing, willful, and continuing.

57. Defendants Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer

actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of September 21, 2018 is One Hundred Twenty Thousand Two Hundred Sixty-Three and 72/100 ($120,263.72) dollars, which includes unpaid principal in the amount of Ninety Seven Thousand Eight Hundred Sixty-Four and 72/100 ($97,864.72) dollars; accrued interest in the amount of Four Thousand Four Hundred Fifty-Five and 36/100 ($4,455.36) dollars; escrow/impound required in the amount of Two Thousand Eight Hundred One and 10/100 ($2,801.10) dollars; late charges in the amount of Sixty-One and 71/100 ($61.71) dollars; deferred amounts in the amount of Thirteen Thousand Six Hundred Ninety-Six and 33/100 ($13,696.33) dollars; Fees required with Payoff in the amount of Forty-Six and 00/100 ($46.00) dollars; and Total Advances in the amount of One Thousand Three Hundred Thirty-Eight and 50/100 ($1,338.50) dollars.

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

60. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Billy J. Pierce, $96,000.00. *See* Exhibit B.

62. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are in default for failure to properly tender the September 1, 2017 payment and all subsequent payments. *See* Exhibit K.

63. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

64. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

65. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

66. Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Billy J. Pierce, $96,000.00. *See* Exhibit B.

67. The Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, have failed to repay the loan obligation.

68. As a result, the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Homecomings Financial, LLC f/k/a Homecoming Financial Network, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

69. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Billy J. Pierce, is in breach of the Note by failing to make payment due as of September 1, 2017, and all subsequent payments;

d) Find that the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are in breach of the Mortgage by failing to make payment due as of September 1, 2017, and all subsequent payments;

e) Find that the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due September 1, 2017 and all subsequent payments;

g)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, have been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j)  Find that the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k)  Find that the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, are liable to the Plaintiff for quantum meruit;

l)  Find that the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Billy J. Pierce and Diane Pierce f/k/a Diane L. Reynolds, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount One Hundred Twenty Thousand Two Hundred Sixty-Three and 72/100 ($120,263.72) dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated: September 7, 2018

/s/ John A. Doonan
John A. Doonan, Esq., Bar No.: 3250
Reneau J. Longoria, Esq., Bar No.: 5746
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670